JAMES F. McKAY III, Judge.
IjR.L. Lucien Tile Company, Inc., for Sandy Cage, appeals the judgment of the trial court granting American Security Insurance Company’s motion for summary judgement. For the reasons below, we affirm the trial court’s judgment in favor of American Security Insurance Company.
FACTS PROCEDURAL HISTORY
On March 31, 2004, R.L. Lucien Tile Company, Inc. (hereafter, “Lucien Tile”) purchased the property located at 8838 Green Street from Joshua and Sandy Cage, by quitclaim deed, for the sum of one hundred dollars ($100.00).[1] Lucien Tile did not refinance or assume the Cage’s mortgage. Instead, Lucien Tile paid the Cage’s monthly note on the existing mortgage with EMC Mortgage Corporation (hereafter, “EMC”). At all relevant times in the instant matter, EMC held a mortgage on the insured property and American Security Insurance Company (hereafter, “ASIC”) maintained the policy of hazard insurance coverage, specifically for damages caused by wind and rain. The named insured under this |2policy is EMC. The EMC borrowers, Joshua and Sandy Cage, are additional insureds.[2]
On November 16, 2005, ASIC received notice that the property at 8833 Green Street had sustained damage resulting from Hurricane Katrina. The notice in-dentified the claimant as Sandy Cage, the named insured as EMC, and the additional insureds as Joshua and Sandy Cage. On December 21, 2005, ASIC adjusted the claim in response to the notification of loss. ASIC initially paid policy benefits in the amount of $13,922.91 to EMC, Joshua and Sandy Cage. ASIC re-inspected the property in 2007 and paid EMC, Joshua and Sandy Cage an additional $26,567.15, for a total payment of $40,490.06. Based on the record, it appears that none of the insurance proceeds were ever distributed to Lucien Tile.
On August 28, 2006, Lucien Tile filed its original petition for damages against *755 ASIC. In its petition, it claimed rights to policy benefits under the insurance policy which ASIC had issued to EMC and the Cages. Lucien Tile also asserted its rights to penalties and attorneys fees based on a claim of bad faith pursuant to La. RS. 22:1220 and 22:658.
ASIC answered the petition asserting that the petitioner, Lucien Tile, was a stranger to the contract of insurance and averred that the policy was the best evidence of its contents. Thereafter, ASIC moved for a summary judgment, arguing that Lucien Tile was neither an insured nor an additional insured under the policy. ASIC argued that the policy contained an anti-assignment clause and that |sLucien Tile had no valid assignment of the Cage’s rights against ASIC. Consequently, Lucien Tile had no standing to bring the action.
On May 9, 2008, the district court, after reviewing the evidence including oral argument, granted ASIC’s motion for summary judgment. The judgment was signed on March 27, 2008; the court dismissed Lucien Tile’s claims without prejudice. It is from this judgment that Lucien The filed this devolutive appeal.
STANDARD OF REVIEW
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 2006-363 p. 3 (La.11/29/06), 950 So.2d 544, 546, See La. C.C.P. art. 966. A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the mov-ant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726 p. 1-2 (La.2/26/08), 977 So.2d 880, 882-883; Wright v. Louisiana Power & Light, 2006-1181 p. 17 (La.3/9/07), 951 So.2d 1058, 1070; King v. Parish National Bank, 2004-0337 p. 7 (La.10/19/04), 885 So.2d 540, 545; Jones v. Estate of Santiago, 2003-1424 p. 5 (La.4/14/04), 870 So.2d 1002, 1006.
ASSIGNMENT OF ERROR
In Lucien Tile’s sole assignment of error it asserts that the trial court erred in granting the ASIC’s motion for summary judgment. Lucien Tile predicates its 14argument upon the assumption that it was an assignee of the ASIC insurance policy on the Green Street property or in the alternative a subrogate to the policy pursuant to two documents referencing assignments and transfer of all rights and claims from the Cages to Lucien Tile.
On November 2, 2005, the same day that the “Quitclaim Deed” was executed, the Cages executed a document entitled, “ASSIGNMENT AND TRANSFER OF ALL RIGHTS AND CLAIMS,” which was signed by the Cages, witnessed and notarized. The pertinent language, in this assignment and transfer, which the Cages assigned to Lucien Tile is as follows:
“Be it know that we Joshua and Sandy Cage do hereby for ourselves and our heirs, successors, and others transferees, transfer, assign and convey all rights, claims, chose [sic] of actions whatsoever we may have against the company, officers and employees of EMC Mortgage Corporation, including any of its assigns, transferees arising out of the mortgage we executed in favor of EMC Mortgage Corporation to R.L. Lucien Tile Company. This assignment and transfer includes all claims whether legal or equitable including those arising out of all state and federal laws applicable, including all that may arise out of any Fair Debt Collection Act, Consumer Protection Act, and Unfair trade Practices Act we are expressly *756 assigning all rights, claims and actions we may have pertaining to the mortgages themselves, the collection of those mortgages any attempt to foreclose on those mortgages, or those arising out of the “Forbearance” of any such foreclosure.”
“Included under this assignment and transfer to R.L. Lucien tile Company, are all damages we may recover for general or special damages, punitive or exemplary damages, attorneys fees, cost or expenses, interest or any other equitable, legal or general relief we may be entitled to or granted.”
“R.L. Lucien Tile Company is entitled to act in our stead to file suit, litigate, settle or otherwise dispose of our claims or actions, as if they were us.”
We note, that this assignment and transfer of all rights and claims did not purport to specifically assign any rights that the Cages may have had against |nASIC to Lucien Tile. Nor does the language of this document assign any interest in the ASIC insurance policy to Lucien Tile. This document indicates that the Cages were assigning to Lucien Tile a claim arising under fair debt collection practice law pursuant to and pertinent to the EMC mortgage. In fact, Lucien Tile filed a claim against EMC in the Civil District Court for the Parish of Orleans in Case number 06-1921, Division “I”. In this petition for damages Lucien Tile asserted its rights against EMC pursuant to the above detailed assignment and transfer document. The Cages had executed a “Terms and Forbearance” document with EMC in connection with the mortgage. In this document the Cages were required to make a balloon payment. Lucien Tile assisted the Cages in this payment which precipitated the quitclaim deed and assignment that transferred the Cage’s remaining interest in the Green Street property to Lucien Tile on March 31, 2004, and assigned Lucien Tile the right to pursue all claims against EMC in return for certain consideration in addition to Lucien Tile paying off the loan. The gist of the lawsuit was an attempt to have a judicial review of the interest on the loan in accordance with the terms of forbearance document. The details and outcome of this matter is not in the record before this Court.
At the hearing on the motion for summary judgment, Lucien Tile produced a second document signed by the Cages on March 31, 2008, styled “Supplement to our November 2, 2005 Assignment and Transfer of All Rights and Claims.” The document purports, in relevant parts, that “in addition to and included under” the previous assignment, are “all claims ... against anyone ... arising out of the ownership of or related to our previous ownership of ... 8833 Green Street.”
Relying on these two documents, Lucien Tile asserts that it was entitled to the insurance proceeds based on theories of assignments of rights and subrogation. | (We disagree and find that Lucien Tile’s reliance on these two documents is unsupportable and inapplicable to the case sub judice.
Conversely, ASIC argues that Lucien Tile is neither an insured nor an assignee of the applicable insurance policy and consequently is a stranger to the policy. As such, Lucien Tile has no right of action against ASIC. In support of its motion for summary judgment ASIC offered into evidence, as an exhibit, the insurance policy. In the policy, EMC is the named insured and Joshua and Sandy Cage are the additional insureds. No where in the record does Lucien Tile ever appear on any insurance document relevant to this matter. Most importantly, the policy of insurance, which EMC procured for Joshua and Sandy Cage, states that the “Assignments *757 of this policy shall not be valid unless we give our written consent.”
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art.2045. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass’n, 630 So.2d at 763. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Id. Yet, if the policy wording at issue is clear and unambiguously expresses the parties’ intent, the insurance contract must be |7enforced as written. La. C.C. art.2046. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. Louisiana Ins. Guar. Ass’n, 630 So.2d at 764.
The provision in paragraph twenty-two (22) of the policy clearly and unambiguously prohibits the insured from assigning the policy without ASIC’s written consent. Therefore, absent a valid assignment of rights to which the insurer, ASIC, consented, Lucien Tile has no standing to sue. In view of the policy in evidence, the trial court was correct in refusing to enforce Lucien Tile’s claims to the proceeds of the insurance policy by granting ASIC’s motion for summary judgment.
 Additionally, Lucien Tile makes a claim of bad faith against ASIC, asserting a right to recover costs and attorney fees. Louisiana law allows an insured to recover statutory penalties when an insurance company fails to timely pay a claim after receiving adequate proof of loss when the failure is arbitrary, capricious, or in bad faith. La. R.S. 22:658 and La. R.S. 22:1220. Specifically, under La. R.S. 22:658(B) and La. R.S. 22:1220(B)(5), an insured may recover statutory penalties when the insurer’s failure to pay is “arbitrary, capricious, or without probable cause.” Because these two statutes are penal in nature they must be strictly construed. See Reed v. State Farm Mut. Auto Ins. Co., 2003-0107, pps. 13, 14, 15 (La.10/21/03), 857 So.2d 1012, pps. 1021, 1022, 1023.
As noted above, strictly construing the statutory provisions, Lucien Tile is not an insured under the insurance policy and therefore has no standing to make this claim of bad faith. There is no merit to this claim.
|sFor the above and foregoing reasons, we affirm the judgment of the trial court.[3]
AFFIRMED.

. A quitclaim deed in common law is an assignment of rights without warranty in civil law. La. C.C. Art. 2502.

. The Cages, as a requirement of the mortgage with EMC, maintained insurance coverage commonly called a forced place "Residential Property Policy.”

. In this appeal the appellee, ASIC, raises the peremptory exceptions of no right of action and prescription. As we have affirmed the granting of the summary judgment against the appellant, Lucien Tile, we need not address these exceptions.